**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mark Maxson, | ) | Case No. 16 C 9417 |
| | ) | |
| Plaintiff, | ) | Honorable Judge Gettleman |
| | ) | |
| v. | ) | Magistrate Judge Cummings |
| | ) | |
| City of Chicago, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO ALLOW FORENSIC TESTING

This matter having come to be heard on the Defendants' Joint Motion To Allow Forensic Testing and for Leave of Court to Move the Cook County Circuit Court to Allow Forensic Testing and Access Impounded Evidence, due notice hereof having been given, and the Court being fully advised in the premises, the Motion To Allow Forensic Testing and for Leave of Court to Move the Cook County Circuit Court to Allow Forensic Testing and Access Impounded Evidence is GRANTED and the Court finds:

1. Defendants seek the Court's permission to test the following evidence:

    a. Mark Maxson's screwdriver (Inventory No. 1061042)

    b. Inventory No. 1061823-Microslide extracts:

      i. Hairs recovered from Lindsey Murdock's blue shirt (Exhibit S-1)
      ii. Hairs recovered from Lindsey Murdock's underpants (Exhibit S-2)
      iii. Hairs recovered from Lindsey Murdock's blue jeans (Exhibit S-3)
      iv. Hairs recovered from Lindsey Murdock's gym shoes (Exhibit S-4)
      v. Hair recovered from Mark Maxson's shoes (Exhibit Q-3)

2. The testing sought requires access to blood standards to allow comparison of test results to known individuals, and accordingly Defendants seek leave of court to seek access from the Cook County Court to the following impounded evidence:

    a. Blood standards for Maxson, Wade, and Murdock

3. Forensic testing of the screwdriver and hairs ("Evidence") may lead to the discovery of relevant, material information in this case.

4. Forensic testing capabilities have advanced since 1992 and the Evidence sought to be tested was not tested in 2016.

5. Accordingly, the Court finds that there is good cause to allow forensic testing of the Evidence.

6. Defendants are retaining a certified laboratory to perform the testing and proper protocols and safeguards are in place to avoid prejudice to any party or person with an interest in the Evidence. To this end:

   a. The evidence will be properly packaged to ensure that it is not damaged or contaminated during transit. Once properly packaged, the evidence will be sent via Federal Express to the Evidence Department of Bode Technology, 10430 Furnace Road, Suite 107, Lorton, Virginia, 22079. Shipping costs will be paid by counsel for the Defendants.

   b. Upon receipt of all the items, Bode shall follow established procedures and industry standards for processing evidence and will inventory, document, and photograph the evidence before testing.

   c. Testing will proceed as follows:

      i. Bode will follow the technical specifications currently in place at Bode relative to all testing of the evidence.

      ii. During testing, Bode shall consume no more of the evidence/sample of evidence than is necessary to obtain a scientific result.

      iii. Bode shall be allowed to perform destructive testing of the screwdriver (removal of the shank (metal shaft) from the handle) to the extent it is necessary to collect a sufficient sample of the material on the screwdriver to perform tests.

      iv. If necessary, Bode shall be allowed to consume an entire piece of evidence/sample of evidence if it is necessary for testing and Defendants have provided written notice to all parties and secured the agreement of all parties for such fully consumptive testing.

   d. Upon completion of all testing by Bode, all evidence provided to Bode shall be properly packaged to ensure that it is not damaged or contaminated during transit and returned via Federal Express to the location where the evidence is currently stored (ERPS for the screwdriver and hair slides and Clerk of the Circuit Court, Criminal Division for the blood standards) and where it will be maintained for continued preservation.

7. The protocols and safeguards ensure preservation of evidence as required under this Court's order (Dkt. 154).

8. The impounded blood standards are necessary for comparison of the forensic testing results and the Evidence sought to be tested is germane to criminal cases that proceeded in the Circuit Court of Cook County. Thus, Defendants are granted leave of court to move the Circuit

Court of Cook County to allow testing of the Evidence and obtain access to impounded evidence necessary for complete and thorough testing.

9. Nothing in this Order shall be construed as ordering the Circuit Court of Cook County to make any ruling regarding the Evidence or impounded evidence. Instead, this Court merely finds that testing the Evidence and use of impounded evidence may lead to the discovery of evidence that is relevant to the claims and defenses in the case before it. The Evidence and standards shall be transferred to Bode for purposes of conducting DNA testing and analysis only if the Circuit Court of Cook County grants Defendants motion to allow testing of the Evidence and obtain access to impounded evidence.

10. All parties and persons with an interest in the Evidence and blood standards have been properly advised of this motion and provided an opportunity to be heard.

11. This order does not foreclose any of the parties from attempting to seek additional scientific testing on other items recovered during the investigation of the murder of Lindsey Murdock.

Date Entered: December 5, 2022

**Jeffrey I. Cummings**
**United States Magistrate Judge**