IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MAXSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | No. 16 C 9417 |
| JAMES DWYER, JOHN DUFFY, | ) | |
| WILLIAM MARLEY, ANGELO | ) | |
| PESAVENTO, and the CITY OF CHICAGO, | ) | Honorable Robert W. Gettleman |
| | ) | |
| Defendants. | ) | Hon. Mag. Judge Jeffrey Cummings |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT OFFICER'S SUPPLEMENTAL DISCLOSURES AND TO BAR ALL WITNESSES NAMED THEREIN

NOW COMES Plaintiff and files PLAINTIFF'S MOTION TO STRIKE DEFENDANT OFFICER'S SUPPLEMENTAL DISCLOSURES AND TO BAR ALL WITNESSES NAMED THEREIN and states as follows:

1. On May 10, 2023, at 2:31 p.m., Defendant Officers tendered to Plaintiff Defendants' Supplemental Rule 26(a)(1) Disclosures. **EXHIBIT A**.

2. Pursuant to this Court's last Order dated April 28, 2023, "all fact discovery shall be completed by June 1, 2023." Further, the Court adopted the expert disclosure schedule agreed to by the parties. **EXHIBIT B**.

3. Defendant's May 10, 2023 26(a) disclosure, lists 23 new witnesses and 14 documents (which Defendant claims may be used to support their claims or defenses, assumedly relevant to these new witnesses). Such disclosure is made **20 days** before the close of fact discovery.

1

4. Although discovery has been proceeding since 2016, Defendants have not previously given notice of any of these witnesses. Further, as shown below, none of the above were newly discovered.

5. The first 7 disclosed witnesses relate to persons seen in "Plaintiff's production of news media footage from August of 1992." Defendant's disclosure indicates that all of these witnesses may testify as to the *victim's whereabouts prior to the murder, efforts taken by the family and the police in the investigation of the murder, "his" normal routine and family life and the crime scene."* Six (6) new corresponding addresses are provided relating to these witnesses.

6. Defendant Officers have known about the news media footage since the case began in 2016. There has never been the slightest mention of an intention to call these witnesses. This disclosure is an obvious delay tactic. Furthermore, Defendant's have known about the issue of the "victim's whereabouts prior to his murder, "his normal routine", "family life" and the "crime scene" *since 2016.* Defendants have done nothing to address these issues until 20 days prior to the close of discovery. It is simply outrageous.

7. The next 10 witnesses relate to Osborne Wade, who is currently serving a 50 year sentence after pleading guilty to the Attempt Murder of the victim, Lindsey Murdock. The charge of Attempt Murder was reduced from the original charge of murder. Regardless, Wade admitted stabbing the child in his plea bargain. Wade also wrote letters of apology to the Murdock family and to Plaintiff Mark Maxson, begging for their forgiveness for murdering the child and for causing Maxson's incarceration for a crime that he did not commit. Defendants have known all about Osborne Wade since the inception of this case in 2016. Defendants now wish

to undertake what could be years of further discovery regarding Wade. Such discovery would now include complicated DNA analysis, three (3) psychiatric examinations, review of days of FBI interview videos and other detailed information. Consequently, the Defendants knew or should have known about these witnesses during the years that discovery has dragged on. Thus, Defendants have no excuse for "springing" these 10 witnesses concerning Wade on the Plaintiff in their last minute disclosure. Again, this is a delay tactic, and is nothing short of outrageous.

8. For yet another specific example of Defendants' dilatory behavior, on September 2, 2022, Plaintiff disclosed Aaron Patterson as a 404 (b) witness. **EXHIBIT C**. As of the date of this writing, *some 8 1/2 months later*, Defendants have yet to schedule the deposition of Mr. Patterson. Patterson is in Federal custody and agreed to be deposed in September of 2022. Defendants were fully and immediately informed of such. Regardless that Defendants have not yet chosen to depose Patterson, and do not know what he will testify to, Defendants are now naming, for the first time, a former ASA, Kip Owen, and a former Judge, William Lacey, to testify as to their *"interactions with Aaron Patterson."* Is the Plaintiff expected to track down former Judge Lacy, address unknown, in the next 2 weeks, schedule his deposition and find out the exact type of interactions he allegedly had with Patterson?

9. The parties, as this Court knows, have entered into several Joint Motions to Extend Fact Discovery. This Court has generously granted such motions, allowing the parties to complete their work out of a sense of fairness to both parties in a complicated case.

10. The disclosure which is the subject of this motion exceeds any sense of fairness. If this type of abusive behavior is allowed, it would greatly prejudice Plaintiff's right to a fair trial by

significantly delaying the trial. Plaintiff's right to trial was already delayed for 5 years while Wade's criminal case was pending.

11. Defendant's disclosure is clearly interposed for an obvious and improper purpose; i.e., to harass and to cause unnecessary delay. Further, it would needlessly increase the cost of litigation. If this latest 26(a) disclosure is not stricken, the amount of discovery required will equal the extensive discovery done by both parties in this case. It bears repeating, this is nothing short of an outrageous abuse of the discovery process.

12. Specifically, Defendants are engineering the need for Plaintiff to do 23 new depositions, which literally rivals the number of depositions completed over the past seven years. Further, these are witnesses that the Defendants knew all about, but treated as unnecessary until 20 days before the close of discovery. At a minimum, this 26(a) disclosure should be stricken in its entirety, all witnesses named herein should be barred from testifying and other appropriate sanctions should be imposed through this Court's inherent powers to impose them.

13. Plaintiff does not agree to an extension of fact discovery in any manner or form. Plaintiff demands that expert discovery commence on June 1, 2023; and after its completion, this case be set for trial.

Respectfully submitted by,

By: /s/ Elliot R. Zinger
One Of Mark Maxson's Attorneys

/s/ Larry M. Dreyfus
One Of Mark Maxson's Attorneys

4

Elliot R. Zinger, Esq.
ELLIOT R. ZINGER P.C.
2040 North Harlem Ave.
Elmwood Park, Illinois 60707
(312) 782-9464
Ezingerlaw@yahoo.com

Larry M. Dreyfus, Esq.
Attorney At Law
102 Camino Barranca
Placitas, NM 87043
312-787-5524
DreyfusLaw@mac.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby declare that on May 11, 2023, I caused to be electronically served each person on the Service List, a copy of PLAINTIFF'S MOTION TO STRIKE DEFENDANT OFFICER'S SUPPLEMENTAL DISCLOSURES AND TO BAR ALL WITNESSES NAMED THEREIN, as follows:

Service List:

For The City Of Chicago: James Gus Sotos David Andrew Brueggen Joseph M. Polick Sara J Schroeder The Sotos Law Firm, P.C. 141 W. Jackson Blvd., #1240A Chicago, IL 60604 (630) 735-3300 Email: jsotos@jsotoslaw.com  dbrueggen@jsotoslaw.com  jgiven@jsotoslaw.com

For The Individual Defendants: Andrew M. Hale Jennifer Bitoy Brian J. Stefanich Shawn W. Barnett Anthony Zecchin Hale Law LLC 53 W. Jackson Blvd. Suite 330 Chicago, IL 60604 T: (312) 341-9646 F: (312) 341-9656 Email: ahale@ahalelaw.com  jbitoy@ahalelaw.com  bstefanich@ahalelaw.com  sbarnett@ahalelaw.com  azecchin@halemonico.com

By: /s/ Elliot R. Zinger
Elliot R. Zinger, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MAXSON, | ) |
| Plaintiff, | ) Case No. 16-CV-09417 |
| | ) |
| | ) The Honorable Judge Robert W. Gettleman |
| v. | ) Magistrate Judge Jeffrey Cummings |
| | ) |
| JAMES DWYER, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT OFFICERS' SUPPLEMENTAL 26(a)(1) DISCLOSURES

Defendants John Duffy, William Marley, and Angelo Pesavento (collectively "Defendant Officers"), by their attorneys, Hale & Monico LLC, and submit the following supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), and state:

Defendants' supplemental disclosures are based on information and documents currently available to their respective counsel. They are not exhaustive and are subject to further supplementation after Defendants have the opportunity to conduct discovery. Defendants reserve the right to supplement or amend their disclosures pursuant to the Rules of Procedure and orders of the Court.

    A.    In addition to those individuals previously disclosed, the following individuals are likely to have discoverable information that the Defendants may use to support their defenses[1]:

- Terry Owens, Lindsey Murdock's mother as seen in Plaintiff's production of news media footage from August of 1992, may testify regarding information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by

---

[1] To the extent this Third Supplemental disclosure contains the names of individuals previously named in Defendant's initial and supplemental Rule 26(a) disclosures, this Third Supplemental disclosure replaces the disclosure as to those specific individuals only. This disclosure serves as an addition to the previous disclosures and is not meant to replace the prior disclosures apart from the qualifications set forth in this footnote. Moreover, in an effort to pare down the number of individuals listed in their disclosures, both Defendant City and Defendant Officers are formally withdrawing the following persons from their previous disclosures: Police Officer Fanniel, Evidence Technician Robert Davie (also disclosed as "Davie"), Evidence Technician Harold Fujara, A.D.S. Robles, Det. Baker #20316, Ofc. Janisezewski, Det. Sherlock, Officer C. Cole #10378, Det. J. Cloonan #20362, Det. D. Friel #20335, Det. J. McMurray #20366, Det. James Cornelison # 20157, A. Pribek #12427, and Bernice Poindexter.



Exh. A

the family and the police in the investigation into his murder, his normal routine and family life and the crime scene(s). Last known address: 7741 N. Marshfield Avenue, #A, Chicago, IL 60626

- Lindsey Murdock Sr., Lindsey Murdock's father as seen in Plaintiff's production of news media footage from August of 1992, may testify regarding information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by the family and the police in the investigation into his murder, his normal routine and family life and the crime scene(s). Last known address: 2533 E. Exchange Street, Chicago, IL 60649.

- Beverly Lawrence, neighbor of the Murdock family as seen in Plaintiff's production of news media footage from August of 1992, may testify regarding information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by the family and the police in the investigation into his murder, his normal routine and family life and the crime scene(s). Last known address: 14515 S. Wabash, Riverdale, IL 60827.

- Sharon Brown, Lindsey Murdock's cousin as seen in Plaintiff's production of news media footage from August of 1992, may testify regarding information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by the family and the police in the investigation into his murder, his normal routine and family life and the crime scene(s). Last known address: 7842 S. Stewart Street, Chicago, IL 60620.

- Connie Falls, Lindsey Murdock's cousin as seen in Plaintiff's production of news media footage from August of 1992, may testify regarding information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by the family and the police in the investigation into his murder, his normal routine and family life and the crime scene(s). Last known address: 10756 S. Wentworth Avenue, Apt. #2, Chicago, IL 60628.

- Giselle Owens, Lindsey Murdock's aunt as seen in Plaintiff's production of news media footage from August of 1992, may testify regarding information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by the family and the police in the investigation into his murder, his normal routine and family life and the crime scene(s). Last known address: 8334 S. Burnham Ave., Chicago, IL 60617. Last known address: 8334 S. Burnham Avenue, Chicago, IL 60617.

- Linette Johnson, Lindsey Murdock's aunt as seen in Plaintiff's production of news media footage from August of 1992, may testify regarding information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by the family and the police in the investigation into his murder, his normal routine and family life and the crime scene(s). Last known address: 8334 S. Burnham Avenue, Chicago, IL 60617.

- Sonya Guice Carter, friend of Osborne Wade, may testify to her knowledge of Osborne Wade, the area of the murder, people in the neighborhood of the murder and her knowledge of the murder investigation. Last known address unknown at this time. Investigation continues. Last known address: 727 East 50th Street, Unit 1E, 60615.

- Eileen Guest, Youth Officer, Star 072, will testify to the Youth Division's participation in Lindsey Murdock's missing person investigation including information from Murdock's family and CPD efforts undertaken to search for the missing child. Can be contacted through counsel for the City of Chicago.

- Dennis Murdock, former ME Investigator, will testify to photographs he took and reports he drafted regarding the crime scene at 10730 S. State St. See Def 1650. Last known address: 2241 Wellington Court, New Lenox, IL 60451.

- Jamie Lynn Edwards, Illinois State Police Forensic Scientist, may testify regarding her analysis of physical evidence in Wade's case as contained in Def CCSAO 6821. Current employee with Illinois State Police as Forensic Scientist III.

- Jamie Jett, Illinois State Police Forensic Scientist, may testify regarding her analysis of physical evidence in Wade's case as contained in Def CCSAO 7369. Current employee with Illinois State Police as Forensic Scientist III.

- Bill Cheng, Illinois State Police Forensic Scientist, may testify regarding her analysis of physical evidence in Wade's case as contained in Def CCSAO 6824-25. Current employee with Illinois State Police as Forensic Scientist III.

- Ronald Tomek, Illinois State Police Forensic Scientist, may testify regarding her analysis of physical evidence in Wade's case as contained in Def CCSAO 6819-20 and 7182-83. Current employee with Illinois State Police as Forensic Scientist III.

- Dr. Alma Ramic, Psychiatrist at Cook County Hospital, Cermak Mental Health Services, will testify as to her examination of Osborne Wade as contained in documents referenced beginning at Def CCSAO 6637. Last known address: John H. Stroger, Jr. Hospital, 1740 W. Taylor St., Chicago, IL 60612.

- Dr. Tushar Advani, Psychiatrist at Cook County Hospital, Cermak Mental Health Services, will testify as to his examination of Osborne Wade as contained in documents referenced beginning at Def CCSAO 6410. Last known address: John H. Stroger, Jr. Hospital, 1740 W. Taylor St., Chicago, IL 60612.

- Dr. Joyce Miller, Psychiatrist at Stroger Hospital, will testify as to her examination of Osborne Wade as contained in documents referenced beginning at Def CCSAO 6437. Last known address: John H. Stroger, Jr. Hospital, 1740 W. Taylor St., Chicago, IL 60612.

- Former Assistant State's Attorney Kip Owen will testify to his interactions with Aaron Patterson. Last known address: 1770 Park St., Naperville, IL 60563.

- Retired Cook County Circuit Judge William Lacy will testify to his interactions with Aaron Patterson. Last known address: Investigation continues.

- Assistant State's Attorney Nancy Adduci will testify to facts and circumstances surrounding Plaintiff's post-conviction proceedings. See, e.g., October 27 2016 Criminal Court transcript (DEF 017793-017799).

- Records Keepers from ABC, NBC and FOX news outlets to lay the foundation for news videos contained in Plaintiff's production of documents.

B. The following documents, which have previously been produced, may be be used by Defendants to support their claims or defenses:

CCSAO 1-5204
DEF-CCSAO 000001-018094
TIRC 000001-004751
DEF 000001-17799
DEF CITY 1-43877
SDT-CERMAK 01-10
SDT-MAPCS 01-128
SDT-METRO 01-69
SDT-STATEVILLE 001-526
SDT-TPHC 01-27
PLTF CBS, ABC, NBC and FOX News videos

Defendants may also use any documents that have been produced by any party in this litigation.

Respectfully submitted,

/s/ Anthony E. Zecchin
Special Assistant Corporation Counsel
One of the Attorneys for the Individual Defendants

Andrew M. Hale
Brian J. Stefanich
Barrett E. Boudreaux
Anthony E. Zecchin
Jennifer Bitoy
Hale & Monico LLC
53 W. Jackson Blvd., Suite 334
Chicago, Il 60604
Phone: (312) 341-9646
Fax: (312) 341-9656

## CERTIFICATE OF SERVICE

I, the undersigned attorney, on May 10, 2023, caused the foregoing document to be filed with the Clerk of the Court's Office using the CM/ECF filing system, which simultaneously sent notification as to the same, to all counsel of record via electronic mail.

/s/ Anthony E. Zecchin




Case: 1:16-cv-09417 Document #: 251 Filed: 04/28/23 Page 1 of 1 PageID #:1067

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Mark Maxson

Plaintiff,

v.

James Dwyer, et al.

Defendant.

Case No.: 1:16-cv-09417
Honorable Robert W. Gettleman

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, April 28, 2023:

MINUTE entry before the Honorable Jeffrey Cummings: The Court has reviewed the parties' joint status report [250], which indicates that the parties have scheduled the deposition of ISP scientist Greg DiDomenic for 4/27/23, and are working cooperatively to schedule the remaining depositions of Robert Tovar and Aaron Patterson in May. Accordingly, the parties' agreed request for extension of time is granted. All remaining fact discovery shall be completed by 6/1/23. The Court adopts the parties' proposed expert discovery schedule. Plaintiff's Rule 26(a)(2) disclosures are due 7/30/23 and plaintiff's experts shall be deposed by 9/30/23. Defendants' Rule 26(a)(2) disclosures are due 11/30/23 and defendants 9; experts shall be deposed by 1/30/24. By 6/14/23, the parties shall file a joint status report confirming the completion of fact discovery. The parties are advised that they may contact this Court's courtroom deputy if at any point they are mutually interested in scheduling a settlement conference with the Court. Mailed notice (cc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MAXSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JAMES DWYER, JOHN DUFFY, | ) | No. 16 C 9417 |
| WILLIAM MARLEY, ANGELO | ) | |
| PESAVENTO, and the CITY OF CHICAGO, | ) | Honorable Robert W. Gettleman |
| | ) | |
| Defendants. | ) | Hon. Mag. Judge Jeffrey Cummings |

**PLAINTIFF'S FOURTH AMENDED RULE 26 DISCLOSURES**

NOW COMES Plaintiff and provides to all Defendants the following additional[1] Rule 26 disclosures as follows:

1. George Pappas- Programming Specialist-WGN TV, 2501 W. Bradley Place, Chicago, IL 60618-4718, 773-528-231, will testify that the attached EXHIBIT A is a WGN business record kept in the ordinary course of business and is an accurate schedule of WGN broadcasting of the week of 8/24/92-8/30/92. Further, Mr. Pappas will testify that on 8/29/92 The Nine O'Clock News began at 10:30 p.m. as the White Sox baseball game was broadcast that night from 7:30 p.m.-10:30 p.m. and that the movie "American Commandoes" aired right after the Nine O'Clock News.

2. Aaron Patterson- FCI Gilmer, 201 FCI Lane, Glenville, WV 26351, will testify that in 1986, he was arrested and forced to confess by Area 2 detetives to a double murder that he did not commit. Patterson will testify that he was tortured by Defendants Marley, Burge,

---

[1] Plaintiff incorporates by reference PLAINTIFF'S RULE 26 DISCLOSURES dated 7/19/17 and 8/14/19 and 7/18/22 as if fully restated herein.


Exh. C

Pienta, Madigan and other Area 2 Detectives. Such torture included suffocating Patterson several times with a plastic typewriter cover and repeatedly beating him. Patterson will testify that the detectives refused his request for an attorney and instead continued their interrogation. Patterson will testify that a gun was displayed to him by Jon Burge, who then threatened Patterson and told him "it's your word against ours and who are they going to believe, you or us", and stated they could do *anything* they wanted to do to him. Patterson will testify that the detectives played good cop/bad cop with him and that he was thereafter repeatedly beaten by Area 2 detectives, including Marley and the responding ASA. Patterson will testify that false police reports were composed which included his false confession, and that perjured testimony was offered at trial where he was convicted and sentenced to death. Patterson will testify that he was finally pardoned by Governor George Ryan in 2003 after being on death row for 13 years. Finally, Patterson will testify that he filed a Sec. 1983 lawsuit against Jon Burge, William Marley and other Area 2 detectives, ASA Troy and the City of Chicago and that the lawsuit was settled for substantial monetary damages.

Respectfully submitted by,

By: /s/ Elliot R. Zinger
One Of Mark Maxson's Attorneys

/s/ Larry M. Dreyfus
One Of Mark Maxson's Attorneys

Elliot R. Zinger, Esq.
ELLIOT R. ZINGER P.C.
2040 North Harlem Ave.
Elmwood Park, Illinois 60707
(312) 782-94642
Ezingerlaw@yahoo.com

Larry M. Dreyfus, Esq.
Attorney At Law
102 Camino Barranca
Placitas, NM 87043
312-787-5524