IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MAXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16-cv-9417 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JAMES DWYER, et al., | ) | |
| | ) | Magistrate Judge Jeffrey I. Cummings |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion to strike defendant officers' supplemental disclosures and to bar all witnesses therein, (Dckt. #252). After a review of the motion, defendant officers' response, (Dckt. #255), and plaintiff's reply, (Dckt. #262), the Court denies plaintiff's motion and finds as follows.

I.    BACKGROUND

On May 20, 2023, defendant officers served their supplemental Rule 26(a)(1) disclosures, which identified 23 witnesses who are likely to have discoverable information and whom defendants may use to support their defenses.[1] (Dckt. #252 at 7-11). Plaintiff has taken no action to notice the depositions of any of these witnesses. Instead, he filed the instant motion in which he asserts that defendants' supplemental disclosures – which were made twenty-two days before the June 1, 2023 fact discovery cut-off – are untimely, and that all witnesses named in the supplemental disclosures should be barred from testifying. In their response, defendants assert:

---

[1] Defendants' supplemental disclosures also listed fourteen documents. (Dckt. #252 at 10). However, all but one of these documents was previously produced in discovery, (Dckt. #255 at 6), and plaintiff "has no issue regarding both parties using" the remaining document – a criminal court hearing transcript – in further proceedings. (Dckt. #262 at 2).

1

(1) for various reasons, that they had no obligation to disclose the witnesses under Rule 26(e)(1) and that they voluntarily made the disclosures only to ensure that every potential trial witness was formally disclosed prior to the fact discovery closure date; (2) their supplemental disclosures were timely because plaintiff had over three weeks to depose the disclosed witnesses before fact discovery ended; and (3) even if Rule 26(e)(1) required the disclosure of these witnesses and their disclosures were untimely, their failure to make the disclosures in a timely manner was harmless.

## II. ANALYSIS

### A. Defendants had no obligation to supplement their Rule 26(a)(1) disclosures with respect to 16 of the potential witnesses.

In their response, defendants assert that plaintiff failed to meet and confer prior to filing his motion to strike as required by Local Rule 37.2 and that, had plaintiff taken this step, he would have learned that his objections to the disclosure of these potential witnesses were invalid for various reasons. To address this issue, the Court ordered plaintiff to meet and confer with defendants prior to filing his reply brief to determine whether he still seeks to bar the testimony of all of the disclosed witnesses in light of defendants' explanations. (Dckt. #259). In his reply, plaintiff confirmed that 11 out of the 23 witnesses are no longer at issue. (Dckt. #262 at 1-2).[2] The parties continue to dispute whether defendants had an obligation to disclose the remaining witnesses.

Under Rule 26(e)(1), there is no obligation to supplement Rule 26(a)(1) witness disclosures to formally identify a witness where the opposing party is on notice during the discovery period of the witness's identity, the subjects on which he could provide testimony

---

[2] In particular, plaintiff has withdrawn his objections to Eileen Guest, Terry Owens, Lindsey Murdock Sr., Nancy Adduci, Kip Owen, and William Lacy. In addition, per the parties' agreements, defendants will not call at trial the recordkeepers from ABC, NBC, and FOX News, Sonya Carter, and Dennis Murdock.

pertinent to the case, and the party's potential interest in calling the witness in support of its claims or defenses. *See, e.g.*, *Johnson v. Statewide Investigative Servs., Inc.*, No. 20 C 1514, 2021 WL 825653, at *12 (N.D.Ill. Mar. 4, 2021); *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 618 n.3 (D.Nev. 2020); *Wells v. Berger, Newmark & Fenchel, P.C.*, No. CIV.A. 07 C 3061, 2008 WL 4365972, at *2 (N.D.Ill. Mar. 18, 2008) ("Testimony from Paulette Witschi is not barred. Her identity and relevance to this litigation was 'made known' to Berger during Wells' deposition."). On the other hand, an opposing party's knowledge that "an individual exists" without additional knowledge that the person has discoverable information related to the claims or defenses at issue or may testify at trial does not relieve a party from its obligation to supplement its Rule 26(a)(1) disclosures to identify such a person. *See Doe 1 v. City of Chicago*, No. 18-CV-3054, 2019 WL 5290899, at *8 (N.D.Ill. Oct. 18, 2019).

There are three categories of witnesses on defendants' supplemental disclosures who remain at issue. First, there are the five members of Lindsey Murdock's family and a Murdock family neighbor who have information relating to the circumstances surrounding the victim's whereabouts prior to his murder, efforts taken by the family and the police in the investigation into his murder, his normal routine and family life, and the crime scene(s). (Dckt. #252 at 7-8).[3] According to defendants, the identity of these individuals was first made known to them when *plaintiff* produced August 1992 news footage which featured interviews with the Murdock family members during the course of this litigation. (Dckt. #244 at 7). Defendants also cite to the parties' joint status reports which indicate that *both* sides planned to depose members of the Murdock family as of August 26, 2020, (Dckt. #178), and that defendants thereafter reiterated their intent to depose the family members in eight other joint status reports but were unable to do

---

[3] These individuals are Terry Owens, Beverly Lawrence, Sharon Brown, Connie Falls, Giselle Owens, and Linette Johnson. (*Id.*).

so because they could not locate them. (Dckt. #255 at 7 n.4 (citing joint status reports)). Given this, the Court finds that the identity of the Murdock family members, their prospective testimony, and the possibility that they might be witnesses was made known to plaintiff in the context of the case. Accordingly, defendants had no obligation to supplement their Rule 26(a)(1) disclosures to include them. *See, e.g*, *Johnson*, 2021 WL 825653, at *12; *Wells*, 2008 WL 4365972, at *2-3; *see also G&G Closed Cir. Events, LLC v. Castillo*, No. 14 C 2073, 2016 WL 3551634, at *9 (N.D.Ill. June 30, 2016), *quoting* Fed.R.Civ.P. 26(e)(1)(A) (there is a "safe harbor" for "witnesses who had otherwise been made known to the opponent 'during the discovery process or in writing.'").

The next category of prospective witnesses are four forensic scientists (the "Scientists") from the Illinois State Police. (Dckt. #252 at 9).[4] Defendants assert that the identity of the Scientists was already known to plaintiff because the reports they generated were produced in the course of discovery and plaintiff has served requests for admission that are based in part on reports that the Scientists authored. (Dckt. #255 at 9; Dckt. #252 at 9 (identifying the Scientists' reports by Bates-stamp numbers)). In his reply, plaintiff admits that he has known of the identity of the Scientists since 2019, (Dckt. #262 at 5), and he does not dispute defendants' assertion that he himself has disclosed yet another Illinois State Police forensic scientist as a witness just over a week prior to defendants' supplemental disclosures. At the same time, the Court notes that defendants clearly expressed an intention to take the depositions of several other forensic scientists (namely, Robert Berk, Therese Finn, and Greg DiDomenic (Dckt. #199, 229, and 236)) but they never did so with respect to the Scientists, which would imply that they were not interested in having the Scientists testify on their behalf. In light of these considerations, the

---

[4] These individuals are Jamie Lynn Edwards, Jamie Jett, Bill Cheng, and Ronald Tomek. (*Id.*).

4

Court finds that plaintiff's knowledge was not enough to override defendants' obligation to include the Scientists in their supplemental disclosures.

The third category of witnesses are three psychiatrists (Drs. Alama Ramic, Tushar Advani, and Joyce Miller (the "Psychiatrists")) who examined Osborne Wade. (Dckt. #252 at 9). Defendants assert that "it should come as no surprise" that the Psychiatrists would be possible trial witnesses because "Wade testified at his deposition in this case that he did not murder Murdock and plaintiff's counsel were present at Wade's criminal hearing where the Psychiatrists testified regarding Wade's mental status. (Dckt. #255 at 10). The fact that plaintiff had this knowledge did not mean that he also knew that defendants were considering calling the Psychiatrists as witnesses at trial. *See, e.g.*, *Doe 1*, 2019 WL 5290899, at *8. The Court also takes note of the fact that defendants have stated their intent to depose three of plaintiff's other mental health providers, (Dckt. 199 at 2), but did not likewise express an intent to depose the Psychiatrists, which, once more, implies that defendants were not interested in securing their testimony. For these reasons, the Court finds that defendants had an obligation to identify the Wade psychiatrists in its supplemental disclosures.

### B. Defendants' May 20, 2023 supplemental Rule 26(a)(1) disclosures were untimely with respect to the seven witnesses at issue.

The Court has determined that defendants had a duty to identify the Scientists and the Psychiatrists in the Rule 26(a)(1) supplemental disclosures. The next question then is whether defendants' supplemental disclosures were made in a timely manner as required by Rule 26(e)(1)(A). *See Poitra v. Sch. Dist. No. 1 in the Cnty. Of Denver*, 311 F.R.D. 659, 666 (D.Colo. 2015). Although "timely manner" is not defined by Rule 26(e), "'supplementation must occur in a fashion that will allow [the opposing party] to conduct meaningful discovery and avoid undue delay in the progress of [the] case.'" *Id.*, *quoting United States v. Guidant Corp.*, No. 3:03-0842,

5

2009 WL 3103836, at *4 (M.D.Tenn. Sept. 24, 2009). It is generally understood that supplementing disclosures with additional witnesses after the close of discovery is untimely. *See, e.g.*, *Aldrich v. Indus. Cooling Sols.*, No. 14-CV-03206-CMA-KMT, 2016 WL 879675, at *1 (D.Colo. Mar. 7, 2015) ("A party violates Rule 26 by not disclosing witnesses prior to the close of discovery."). Moreover, parties who have disclosed numerous witnesses a few weeks before the discovery cut-off or who have made disclosures on the very eve of the cut-off itself have likewise been found to have made untimely disclosures. *See G&G Closed Cir.*, 2016 WL 3551634, at *7 (supplemental disclosure of 19 potential trial witnesses 21 days before the discovery cut-off was untimely); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 214 (N.D.Ill. 2013) (disclosure of a witness two days before the discovery cut-off was untimely).[5]

  Defendants assert that the timing of their supplemental disclosures presented plaintiff with an opportunity to notice and take the depositions of the witnesses who were identified. Even if the pool of witnesses were limited to the Scientists and the Psychiatrists (seven witnesses in total), it is questionable that plaintiff could have completed their depositions in the 21 remaining days before the fact discovery cut-off. The parties were required to coordinate with the Illinois State Police and the individual scientist in question when arranging the depositions of the forensic scientists who have been deposed, (Dckt. #245 at 1), and this takes time. It is also highly improbable that the three Psychiatrists would have been available to be deposed out-of-the-blue on short notice even if plaintiff had immediately served them with subpoenas. For these reasons, the Court finds there is no realistic possibility that plaintiff would have been able to depose these seven witnesses prior to the discovery deadline. It is no answer to say, as

---

[5] Plaintiff relies on *U.S. ex rel. Hudalla v. Walsh Const. Co.*, No. 05 C 5930, 2012 WL 182206 (N.D.Ill. Jan. 21, 2012), in support of his argument that defendants' disclosures are untimely. But the facts of that case bear no resemblance to the circumstances here. In particular, in *Hudalla*, defendant served its supplemental disclosures with 46 new witnesses five weeks before trial. *Id.*, at *1.

defendants assert, that plaintiff does not need to depose every witness. Plaintiff was entitled to have the realistic opportunity to depose the witnesses even if he decided not to do so and the timing of defendants' supplemental disclosures deprived him of that opportunity. Accordingly, the Court finds that defendants' supplemental disclosures were untimely.

### C. Defendants' failure to timely supplement their Rule 26(a)(1) disclosures with respect to the seven witnesses at issue was harmless.

"'Whether a failure to comply with Rule 26(a) or (e) is substantially justified, harmless, or warrants sanctions is left to the broad discretion of the district court.'" *Doe 1*, 2019 WL 5290899, at *3, *quoting Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011). Here, defendants assert that any failure to make timely disclosures on their part was harmless and the Court agrees for several reasons.

First, plaintiff's failure to take *any* action to depose the Scientists and Psychiatrists after their disclosure indicates that the untimely nature of their disclosure caused him no harm. *See, e.g.*, *Doe 1*, 2019 WL 5290899, at *7 (citing *Wells*, 2008 WL 4354972, at *3) ("Additionally, the *Wells* defendant's failure to seek to depose the former employees upon receiving the amended rule 26(a)(1) [disclosures] signaled a lack of prejudice to the court."). Second, any arguable harm to plaintiff can be cured by providing him with an opportunity to depose the Scientists and Psychiatrists during the pendency of the expert discovery period and the Court will provide plaintiff with forty-two days from the entry of this decision (or until August 16, 2023) to take these depositions if he desires to do so. *See, e.g.*, *Johnson*, 2021 WL 825653, at *13 ("The prejudice to Plaintiff can be easily remedied by affording Plaintiff the time necessary to depose the newly disclosed witnesses.").[6] Finally, there is no evidence of defendants' willfulness or bad

---

[6] The Court provides this relief notwithstanding the fact that plaintiff has not expressed a desire to take the depositions of the Scientists and Psychiatrists despite this Court's June 8, 2023 order directing him to identify any of the witnesses on defendants' supplemental Rule 26(a)(1) disclosures that he desired to

7

faith in failing to disclose the Scientists and Psychiatrists in a timely manner and there will be no undue delay in the resolution of the case given that expert discovery is proceeding and no dates for the filing of dispositive motions or for the trial itself have been set. *Id.*; *Jokich v. Rush Univ. Med. Ctr.*, No. 18 C 7885, 2020 WL 2098060, at *5 (N.D.Ill. May 1, 2020).

## CONCLUSION

For all of the above reasons, plaintiff's motion to strike defendant officers' supplemental disclosures and to bar all witnesses therein, (Dckt. #252), is denied. Plaintiff is granted leave to depose the Scientists and Psychiatrists identified in defendants' supplemental Rule 26(a)(1) disclosures on or before August 16, 2023. All previously set deadlines for the completion of expert discovery will remain in place.

**Date: July 5, 2023**

_____
**Jeffrey I. Cummings
United States Magistrate Judge**

---

depose. (Dckt. #259; Dckt. #262 at 6). *See Cummings v. Dart*, No. 20 C 3753, 2022 WL 461987, at *3 (N.D.Ill. Feb. 15, 2022) ("although none of the parties here seek additional time to depose Halfpap, the Court has the discretion to cure any prejudice to the Cook County detectives by reopening discovery for this limited purposes.").